Mr. Justice S WAYNE
delivered the opinion of the court.
In the view which we have taken of the case, it will be necessary to consider but a single point.
The appellants filed their libel to recover damages for the sinking of their steamer Huron, in the Chicago Liver, near its mouth. The casualty was caused by the steamer running against a sunken wreck. The libel alleges that it was the duty of the city to have it removed, and that it was guilty of negligence in not having done so. It alleges further, that the city entered upon the work of removal, but abandoned it before the result was accomplished.
Among the. defences set up by the hnswer of the respondent was, that of á final judgment in the Supreme Court of Illinois, upon a general demurrer to a declaration in an action at law by the appellants against the respondent for the same cause of action.
The court below sustained the defence, and upon this ground, and another not necessary to be stated, dismissed the libel.
The record of the action at law is found among the proofs in this case. Upon a careful examination of the declaration *574 and of the libel, we are constrained to say, there is no such difference in the cases which they respectively make as can take this case' out of the operation of the principles of res adjudícala.*
Whatever the result might be here, if this obstacle were out óf the way, we have no choice but to apply the law in this as in other cases.
Decree aeeirmed, with costs.

 Duchess of Kingston’s Case and the notes, 2 Smith’s Leading Cases. 424; Bendernagle v. Cocks, 19 Wendell, 208.